Owen BREWSTER

v.

BOSTON HERALD-TRAVELER CORPORATION.

Civ. A. No. 55-692-M.

United States District Court
D. Massachusetts.

April 23, 1957.

Frederick G. Fisher, Jr., Boston, Mass., and James D. St. Clair, Boston, Mass., for plaintiff.

John M. Hall, Boston, Mass., for defendant.

McCARTHY, District Judge.

The plaintiff in this libel action has been taking the deposition of the editorial employee of the defendant who wrote the editorial which allegedly libeled the plaintiff. During the course of the deposition the witness stated that he received, on the day before he wrote the editorial, a memorandum which was one of the producing causes of the editorial. The witness refused to divulge the name of the writer of this memorandum or to produce the document itself. The witness refused to testify concerning the memo or to produce it on the

ground that to do so would be to violate a confidence. Treating this as a claim of privilege under Rule 26(b), Fed.Rules Civ.Proc., 28 U.S.C.A. it is necessary to determine whether or not there is a privilege not to testify on these facts. I am forced to the conclusion that there is no privilege. No case has been called to my attention where an American jurisdiction has said that there is such a privilege in the absence of a statute expressly creating the privilege. No Massachusetts decision has been found treating of the question. In an analogous situation in Attorney General v. Pelletier, 240 Mass. 264, at pages 306 and 307, 134 N.E. 407, the Supreme Judicial Court considered whether an employee of a private detective had a privilege not to disclose confidential information gathered by him in the course of his employment. The Court there had to interpret a statute. It is also significant to note that there was no claim of a common law privilege and that the Court did not consider whether or not there was one. Although the defendan relies upon English common law decisions I must rule, from the absence of decisions and from the silence of the Supreme Judicial Court in the one case which has been found where the existence of a common law privilege might have been determined, that the common law of England in regard to privilege has never been adopted in this jurisdiction. The defendant also relies upon cases decided in those American jurisdictions where the legislatures have created a privilege by statute. If these decisions are to be a precedent in Massachusetts, the General Court of Massachusetts must adopt a similar statute.

Having determined that the questions as to the memorandum are not privileged, it is now necessary to rule on the relevancy of the questions. The identity of the writer of the memo might not be admissible, but I rule that it is relevant in that it would have some bearing and may lead to some admissible evidence on the issue of malice.

Under Rule 34 the plaintiff seeks to have the document itself produced. The document comes within Rule 34 for several reasons. The short answer to the question is that the document is not available to the plaintiff from any other source.

The motion is allowed as to both aspects. The witness is to appear at an agreed time to testify concerning the document and to produce the document.